Salvador Suau Carbonell, Petitioner and Appellee, *v.* Capi-
tal of Puerto Rico et al., Defendants and Appellants.

No. 6886.   Argued April 24, 1936.—Decided December 18, 1936.

*J. Valldejuli Rodríguez* for appellants. *Salvadór Suau,* in his own right, and *F. Prieto Azuar* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Salvador Suau, the petitioner, acquired certain urban property in Santurce on the 20th of June, 1933. This realty first belonged to Mr. Juan Barbosa Lara and later to Mr. Luis Wolff. At the time that the property was acquired by the petitioner, its former owners were indebted to the Municipality of San Juan in the sum of $165.56, for water supplied by the aqueduct of the city. Before supplying water to this property the Board of Administration of the Aqueduct demanded from Mr. Suau the payment of the amount already indicated as owing from the former owners. Finally the board consented to supply water on condition that Mr. Suau file a bond to guarantee the payment of the indebtedness. The petitioner was granted 20 days within which to pay the cited amount, with the warning that his water service would be suspended should he fail to settle the debt within the time specified.

Mr. Suau sought the review and annullment of the resolutions of said board in a petition directed against the Capital of Puerto Rico and the Administrative Board of the Aqueduct, composed of Messrs. Jesús Benítez Castaño, Bolívar Pagán and J. E. Colom, the first of these being the City Manager. The petitioner alleged that he had the right to

use the writ of certiorari pursuant to Section 46 of Law No. 99 of the 15th of May, 1931.

The lower court issued the writ applied for and after hearing the parties, rendered judgment annulling the resolutions adopted by the Administrative Board of the Aqueduct.

The defendants appealed from this judgment alleging in the first place that the lower court erred when it applied Section 46 of Act No. 99, *supra,* to this case, transcribing said Section as we shall do hereafter.

It is argued that no Section of Act No. 99 of 1931 has created the entity called Administrative Board of the Aqueduct and that in the present suit none of the persons expressly mentioned in said Section 46 is made a party defendant, but only the Capital of Puerto Rico and the Administrative Board of the Aqueduct are so joined.

We think that the petition in this case was properly brought and that the court below acquired jurisdiction of the necessary person or persons to be sued.

Sections 1, 2, 3 and 4 of Act No. 99 of 1931 provide:

"Section 1.—The Municipality of San Juan, Puerto Rico, as constituted by legislation in force, is hereby abolished. In its place is created a body politic and juridic of local government, with the same territorial limits that the Municipality of San Juan now has.

"Section 2.—The word 'Capital' as used in this Act shall refer to the body politic and juridic created in accordance with the preceding section.

"Section 3.—The inhabitants of the Capital are hereby, and from the date this Act takes effect, constituted into a body politic and juridic which shall be called the 'Capital of Puerto Rico', and as such body politic and juridic shall have perpetual succession, shall enjoy such rights, powers and privileges, and shall perform such obligations as the Municipality of San Juan, Puerto Rico, has at present under the laws in force. All of said rights, powers, privileges and obligations shall be enjoyed and performed by the Capital in accordance with the powers and limitations herein prescribed; Provided, That the Capital shall be subrogated, for all purposes, in the rights, actions and obligations of the Municipality of San Juan.

"Section 4.—As such body politic and juridic the Capital of Puerto Rico, or City of San Juan, shall have power (a) to adopt and use an official seal; (b) to sue and be sued in the courts of justice; (c) to make judicial demand of obligation, and duly to defend and institute all sorts of judicial proceedings: (d) to acquire, according to such procedure as the law acknowledges, all sorts of real and personal property, whether by purchase, exchange, donation, bequest, condemnation proceedings, judicial proceedings, or any other proceedings allowed by law; (e) to own, possess, administer real and personal property by the means allowed by law; (f) to alienate, encumber, lease and cede the use of any of its property, in accordance with the provisions of law; (h) to exercise all the powers stated in this Act."

Therefore it is evident that the Municipality of San Juan, known as the Capital of Puerto Rico, is a municipal corporation with the same powers as any other municipal corporation, with power to sue and be sued as any such corporation might be. The officer to be served in order to give a court jurisdiction involves a different question.

In general a municipality is responsible for the duly authorized acts of its agents or subordinates. Therefore the Capital of Puerto Rico was responsible for what its agents the "Junta Administrativa del Acueducto" did or performed. It is not contended that Jesús Benítez Castaño, Bolívar Pagán and J. E. Colom, nominally constituting the "Junta Administrativa del Acueducto" were not an internal board of the Municipality with certain duties imposed upon them by the said Municipality. This internal board in our opinion was not a legal entity capable of being sued as such entity but it was an aggregation of individuals. Analogies may be found in partnerships, successions and voluntary associations.

Similarly the "Junta Administrativa" was not a legal entity capable of being sued for the acts that properly appertain to the Capital. The latter board is similar to a legislature or assembly as set forth in Section 11 of Act No. 99, *supra.*

We think therefore that the plaintiff made a mistake in attempting to sue any or either of these boards. No objection was made, however, to the petition on this ground. Hence, if the Capital of Puerto Rico was duly brought before the District Court of San Juan, the attempt to sue any other persons may be regarded as superfluous.

■■ Now before this Act of 1931, *supra,* was passed, the right of citizens to obtain redress was defined by other acts of the Legislature of Puerto Rico and no remedy was given therein to review by certiorari the particular acts complained of in this case. (See in this connection *Wys* v. *Board of Awards of Ponce,* 30 P.R.R. 80.) Therefore, unless Section 46 of Act No. 99 gave the petitioner a right to proceed by certiorari that particular remedy did not lie.

We come then to the consideration of Section 46 of Act No. 99 on which both parties rely. It follows:

"Section 46.—On motion of the aggrieved party, the District Court of San Juan shall have jurisdiction:

"(a) To annul or to review by writ of certiorari any legislative or administrative act of the Board of Commissioners, of the Administrative Board, or of any official of the Capital, which infringes the constitutional rights of the complainants, or which is contrary to the Organic Act or to the laws of Puerto Rico;

"(b) To stay by injunction the execution of any ordinance, act, resolution or order of the Board of Commissioners, of the Administrative Board, or of any official of the Capital, which infringes rights guaranteed by the Organic Act or by Insular laws;

"(c) To compel by writ of mandamus the performance of ministerial duties by the officials of the Capital;

"(d) To grant, upon an ordinary action, compensation for damages to parties injured by acts or omissions of the officials of the Capital, due to malice, negligence or inexcusable ignorance."

The appellant or appellants, as the case may be, maintain that the defendants were not any of the persons named in said section. Paragraph (a), *supra,* however, gives the courts a right to review the acts of any official of the capital or the Board of Commissioners or the Administrative Board

We hold that the persons who form the "Junta Administrativa del Acueducto" were officials of the Capital. However, if they were not, the acts which they performed were done as agents of the Board of Commissioners or the Administrative Board; in other words, as officials or agents of the Capital of Puerto Rico.

Said section did not define the persons who should or could be sued but merely made the Capital of Puerto Rico liable to be sued for any of the acts mentioned in the paragraphs specified therein. It gave the petitioner or others a substantive right and a special remedy by certiorari under paragraph (a). The way to bring a municipality into court *then* exists as for any other case in which the municipality becomes responsible under the law.

The Capital of Puerto Rico was duly named as a defendant in the petition or complaint filed herein. The writ was served on Jesús Benítez Castaño as City Manager and as President of the Administrative Board. There is more.

After the service of this writ Mr. Juan Valldejuli Rodríguez filed an answer in the name of the defendants of which the Capital of Puerto Rico was one. This was an appearance, if an appearance was necessary, and totally sufficient to bring the Capital of Puerto Rico before the District Court of San Juan.

The responsible defendant, the Capital of Puerto Rico, failed in the lower court to make any objection on the ground of unnecessary parties to the cause and did not question that the court has jurisdiction over the said municipality. It only defended on the merits of the petitioner's contention. With all the parties before the court whether duly served or appearing voluntarily, the District Court of San Juan had jurisdiction to determine the matters complained of by the petitioner.

On the theory that the "Junta Administrativa del Acueducto" was an entity and could be sued as such it similarly was entirely within the jurisdiction of the district court.

■ As to the second error raised by the appellant all we need to say is that the interpretation given to the ordinance by the "Junta Administrativa del Acueducto" took the form of an order which threatened to curtail the petitioner's rights. This imminent violation of rights placed the petitioner clearly within the purview of paragraph (a) of Section 46, *supra.* In this regard the lower court said:

"The ordinance is perfectly valid and reasonable. What is not reasonable or correct is the interpretation which in this case the Board of Administration of the Aqueduct has given to it. As the section transcribed very well says, once the application for the supplying of water has been approved by the Mayor, a contract is created between the applicant and the City of San Juan, it being understood that the owner of the property is the one responsible to the municipality for the water which may be used on his property; but this does not mean that a subsequent owner who was not a party to such contract, should be responsible for the water used by former owners. Were such an interpretation to be given to the ordinance, we would have to declare it illegal, because in Puerto Rico there is no precept of law creating a lien, in favor of the municipalities or water supply companies, on the realty for the water supplied to it. See in this regard the case of Turner v. Revere Water Co., 171 Mass. 329, 40 L.R.A. 657, where it is held that in order to have a lien in favor of a municipality or a water supply company, it is necessary that it be so authorized by a law and that a mere ruling of the water supply company is insufficient.

"See also the case of *City of Covington* v. *Ratterman,* 17 L.R.A. (N. S.) 923.

"There being no law in Puerto Rico establishing a lien in favor of municipalities or water supply companies, for the water supplied to realty, the Board of Administration of the Aqueduct has no power to demand that the petitioner pay the water used by former owners as a condition precedent to giving him service, and the resolutions under consideration being therefore illegal, a judgment is in order declaring them void and without any legal effect."

We have nothing to add to such reasoning.

We are likewise not convinced that the remedy suggested by the appellant or resorting to the Public Service Commission would in any way affect the petitioner's right or free-

dom to take advantage of the special remedy granted him under the Act here involved.

The last error goes to the appreciation of the facts alleged in the petition. We find nothing therein which is contradictory or inconsistent with the opinion of the lower court.

The judgment appealed from will be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.